## HOLMAN v. FROST & CO.

1. Section 1196 of the General Statutes, which fixes the rate for the storage and weighing of cotton, and imposes a forfeiture for a greater charge, is a penal statute and must be construed strictly.

2. This statute prohibits the *making*, not the *paying*, of a greater charge than that therein prescribed. Therefore, the owner of a lot of cotton cannot recover any forfeiture from his factor for paying excessive weighing and storage charges.

3. A factor to whom cotton has been consigned for sale on commission is the agent of the consignor, and all acts done by the factor within the scope of his agency are the acts of his principal; and if such factor pays a wharf owner illegal charges for weighing and storage, the remedy of the principal, under this statute, is against the wharf owner and not against the factor.

4. In action by a principal against his agent to recover a penalty under a statute, the liability of the agent to account, or for malfeasance, cannot be raised.

5. Defendant, the agent, was not bound to prove a negative—that he had not *made*, but only *paid*, the charges complained of—still, he had the right to so prove on the cross-examination of one of plaintiff's witnesses.

Before WALLACE, J., Charleston, February, 1886.

This was an action by W. A. Holman against E. H. Frost & Co., commenced June 9, 1885. After the close of the testimony for the plaintiff, the defendant offering none, the presiding judge indicated to counsel that in his opinion the following requests should be granted by him in his charge to the jury, to wit:

1. The jury are instructed that if they find that the plaintiff employed the defendants as his factors to sell his cotton on commission, then the defendants were his agents with respect to all acts done within the scope of such agency.

2. The jury are instructed, that if they find that the defendants

were not warehousemen, and did not themselves store or weigh the cotton in question, but as the agents of the plaintiff the defendants contracted that such cotton was to be stored and weighed on a public wharf, by which wharf these services were rendered and these charges made, then the defendants were not liable and the plaintiff cannot recover in this action.

3. The jury are further instructed, that if they find that the plaintiff employed the defendants as his factors to sell his cotton on commission, and that the defendants received it as such and stored it on a public wharf, paying such wharf for the weighing and storage of the same in the usual and customary manner of their business, then the relationship between the plaintiff and defendants is that of principal and agent, and the remedy of the plaintiff, if any, under the statutes, for any illegal weighing or storage charges, is against such wharf and not against the defendant, his agent.

4. The jury are further instructed, that if they find from the testimony that the general usage of the cotton trade in Charleston is to weigh every bale of cotton twice, once upon receiving and again upon delivery, then the plaintiff is presumed to be acquainted with such usage, and the charge of twenty cents per bale for so weighing the cotton, as made by the wharf and paid by the defendant, cannot be questioned.

5. The jury are further instructed, that the word "storage," as used in the statute in question, means the keeping of the cotton under shelter and the warehouseman's responsibility for the safe custody and delivery of the same, and does not include the services rendered by the wharf owner in receiving the cotton, putting it up, delivering it, and other services of like character. A reasonable charge for such services may be legitimately made in addition to the charge for actual storage.

Thereupon plaintiff consented to a verdict in favor of defendants, reserving the right to appeal. The jury found for the defendants, and the plaintiff appeals upon several grounds. The first four alleged error in the instructions numbered 1, 3, 4, and 5.

The 5th and 6th grounds of appeal were as follows:

5. Because, even admitting that the defendants, from the case made by the plaintiff, were not liable to him for the penalty under

the statute herein, yet said defendants, from the showing in said case, are liable for $7.65, overcharges for weighing and storing said cotton, and his honor should have so held.

6. Because his honor erred in allowing defendants to introduce in evidence, and proving by the witness, Jeffords, the amount of charges made against the defendants by Adger's Wharf for receiving, weighing, storing, and delivering said cotton, whereas it is respectfully submitted that in law defendants had no right to pay said wharf charges other than for weighing and storage, and in so doing and charging the plaintiff therefor they violated the statute under which this action is brought, and the plaintiff is clearly entitled to recover from the defendants the penalty therefor.

*Mr. James E. Davis,* for appellant.

*Messrs. Smythe & Lee,* contra.

March 14, 1887. The opinion of the court was delivered by

MR. JUSTICE MCIVER. In the fall of 1884, the defendants, who are factors and commission merchants in the city of Charleston, received from the plaintiff thirty-four bales of cotton for sale on commission. The cotton was shipped at different times and in small lots of from one to six bales each, and appears to have been promptly sold and the proceeds accounted for to the plaintiff, who at the time expressed his entire satisfaction, except in his last letter, dated October 11, 1884, where he says: "I received your return sales of three bales cotton yesterday, and was very well pleased with the price, but the bales lost considerably in weight. I will make more shipments next week," &c. In all of these account sales, the amount set down for weighing is twenty cents for each bale, and the amount for storage thirty cents per bale. Some time afterwards, as the plaintiff in his testimony says, having learned that the amount which he had been required to pay for the weighing and storage of his cotton exceeded the amount allowed by law (section 1196 of General Statutes), he began this action on June 9, 1885, to recover from the defendants the penalty imposed by that statute for overcharging for the weighing and storing of cotton.

It appears from the testimony adduced on behalf of the plaintiff (the defendants having offered none), that the defendants were not wharf owners, and had no connection with or interest in "Adger's Wharves," where the cotton was weighed and stored, but they, as the factors of the plaintiff, simply paid to the wharfinger the amounts charged by the wharves for weighing and storage of the cotton, just as they paid the railroad company for the freight and the insurance company for the insurance on said cotton. It seems, also, from the testimony, that it is the custom in Charleston to have cotton weighed, except where it is sold on arrival, once when it is delivered to the wharfinger, and again when it is sold, and that the charge of storage embraces, also, a charge for labor in receiving and delivering the cotton.

At the close of the testimony, counsel for defendants submitted certain requests to charge, which are set out in the "Case," and the Circuit Judge having indicated that he would charge the jury in accordance with such requests, the counsel for plaintiff consented to a verdict for the defendants, which was accordingly rendered, and the plaintiff appeals upon the several grounds set out in the record, which we do not deem it necessary to repeat here, as several of them, however pertinent to an action against the wharf owners, do not seem to us applicable to the case as presented in the record. We propose, therefore, to confine our attention to such questions raised by the grounds of appeal as properly arise upon the record, without considering any questions that may properly arise in another case.

It will be observed that this is an action, pure and simple, to recover the penalties imposed by section 1196 of the General Statutes, upon any person who shall violate the provisions of that section by charging more for weighing and storage of cotton than the amounts therein prescribed. It is not an action to recover damages from the defendants for any non-feasance or malfeasance in the discharge of the duties which they had assumed as the factors of the plaintiff. Nor is it an action by the plaintiff to recover from the defendants any portion of the proceeds of the sale of his cotton, improperly withheld from him. But being, as we have said, simply an action to recover the penalties imposed by the statute, the sole inquiry is whether the defendants have violated

the terms of the statute, which reads as follows: "The rates of storage of cotton shall not exceed twelve and one-half cents per week for each bale of cotton, the charges for weighing cotton shall not exceed ten cents for each bale, and any person violating the provisions of this section, or either of them, shall forfeit to the owner of the cotton ten dollars for each offence, which may be recovered by him in any court of competent jurisdiction in this State."

Now, this being a penal statute, it must be construed strictly, and so construing it we think it so perfectly manifest that the only thing prohibited by the statute is the *making*, not the *paying*, of any charge for the weighing and storage of cotton higher than the rate established by the statute, that we find it difficult to construct an argument in support of such a self-evident proposition. To reach the conclusion contended for by the plaintiff it would be necessary to interpolate words into the statute, forbidding a factor or other agent from *paying*, as well as the wharf owner from *making*, a higher rate of charge than that prescribed by the statute, and this, of course, would be clearly inadmissible.

That a factor or commission merchant to whom cotton or other produce has been consigned for sale on commission is the agent of the consignor, and that all acts done by him within the scope of his agency are the acts of his principal, is a proposition too well settled to require the citation of any authority to support it, and hence it is clear that the Circuit Judge committed no error in so instructing the jury. And we think it equally clear that he was also entirely correct in his further instruction to the jury "that if they find that the plaintiff employed the defendants as his factors to sell his cotton on commission, and that the defendants received it as such and stored it on a public wharf, paying such wharf for the weighing and storage of the same, in the usual and customary manner of their business, then the relationship between the plaintiff and defendants is that of principal and agent, and the remedy of the plaintiff, if any, under the statute, for any illegal weighing or storage is against such wharf and not against the defendants, his agents."

Now, even assuming, for the purpose of this case only, that the amounts paid by the defendants to the wharf owners for the

weighing and storage of the plaintiff's cotton were illegal, as being in excess of the amounts allowed by law, yet this would not make the defendants liable in this action, which is brought solely for the recovery of the penalties imposed by the act.   To make them so liable it would be necessary for the plaintiff to show that these alleged illegal charges were *made* by the defendants; but so far from doing this, his own testimony shows that instead of being *made* they were *paid* by the defendants as the agents of the plaintiff.   The undisputed testimony shows that the defendants had no interest in or control over the charges, but that they simply, as the agents of the plaintiff, paid what was exacted of them by the wharf owners, and if any one has violated the law and incurred the penalties, it is quite clear that it is the wharf owners, who made the charges, and not the defendants, who simply paid them.   Whether the defendants have been unfaithful to their duty as agents of the plaintiff in paying these alleged illegal charges, is a totally different question, which cannot be raised under this record, as it is perfectly manifest that the statute does not purport to impose a penalty upon an agent for the unfaithful discharge of his duty to his principal.   We have not deemed it necessary, or even proper, to consider the question whether the charges were illegal, for the reason that the necessary party, the wharf owner, to the adjudication of that question is not before the court.

The last ground of appeal imputes error to the Circuit Judge in allowing the defendants to prove "by the witness, Jeffords, the amount of charges made against the defendants by Adger's Wharf for receiving, weighing, storing, and delivering said cotton."   It seems that in the cross-examination of the witness Jeffords, who was put on the stand by the plaintiff, the defendants were allowed to show by him the amounts charged by the wharf owners and paid by the defendants for the weighing and storage of plaintiff's cotton.   Now, while it was not necessary for the defendants to prove a negative—that they had not *made*, but had simply *paid*, these charges, yet it was clearly competent for them to do so, if they could, for that testimony tended directly to relieve them from the charge of violating the statute.

It seems to us that there was no error in the charge of the

Circuit Judge as to any of the points properly arising on the record, and that in no view of the case can this action be maintained against these defendants.

The judgment of this court is, that the judgment of the Circuit Court be affirmed.