### JOHNSON v. SEABOARD AIR LINE RY.

1. PLEADINGS—PENAL STATUTES—RAILROADS.—A COMPLAINT under Code 1902, 2092, 2093, to recover a penalty for failure of railroad company to post schedule of rates, must allege that each and every act required of the Railroad Commission had been done by it, to state a cause of action for failure to post.
2. RAILROAD COMMISSION—RAILROADS.—Court holds that under sec. 2093, thirty days is a reasonable notice by railroad commission to railroad companies of schedules of rates made.
3. RAILROADS—PENALTIES—EVIDENCE—DEFENSE.—One railroad company cannot interpose as a defense to an action for penalty for failure to post rates made by railroad commission, that the commission has not prepared and published such schedule of rates for all the railroads organized under the laws of the State; the provision in sec. 2093, of Code of 1902, as to making schedules for all the roads, applies to the reception of the schedule as evidence.
4. CONSTITUTION—WORDS AND PHRASES—INDICTMENTS—PENALTIES.—The word "prosecutions," in sec. 31, art. V., applies to indictments for crime, and not to suits under penal statutes, which may be brought by any one named in the statute and not by State.
5. IBID.—APPEAL.—A constitutional question not covered by grounds of demurrer will not be considered on appeal from order sustaining the demurrer.

Before TOWNSEND, J., Orangeburg, October, 1904. Affirmed.

Action by Estes C. Johnson against Seaboard Air Line Railway. From order sustaining demurrer, plaintiff appeals.

*Messrs. Wolfe & Berry*, for appellant, cite: *Sec. 2093 does not violate art. VIII., of U. S. Con.:* 72 U. S., 608; 123 U. S., 80; 134 U. S., 801; 142 U. S., 971; 144 U. S., 450. *This is not a "process" or "prosecution," as contemplated in sec. 31, art. V., of Constitution:* 19 S. C., 440; 23 S. C., 168; 23 Ency., 2 ed., 162; 11 Wis., 70; 29 How. Prac., 253; 24 Nev., 311; 15 Col., 313; 14 Fla., 421; 6 Or., 71; 18 Blatch., 305; 116 U. S., 616; 16 Ency. P. & P., 284, 266, 268. *Section 2093 does not impose excessive penalties:* 13 Ency., 2 ed., 60; 45 S. C., 546; 144 U. S., 323; 12 L. R. A., 444. *Pleadings in a penal action are construed by same rule as in other cases:* Code of Proc., 184; Boone Code Pl., 12 and 29; 35 How. Pr., 205; 16 Ency. P. & P., 268, 274.

*Messrs. Lyles & McMahan,* contra, cite: *Sec. 2093 violates art. 14, sec. 1, of U. S. Con., and art V., sec. 31, of S. C. Con.:* 116 U. S., 616. *Penal statutes must be strictly construed and complaint must set out all performance of all acts required:* 26 Ency., sec. 658; 26 S. C., 294.

November 20, 1905.   The opinion of the Court was delivered by

MR. JUSTICE JONES.   The plaintiff appeals from an order of Judge Townsend sustaining a demurrer to the complaint which, after alleging that defendant is a corporation, is as follows:

"2. That sections 2092 and 2093 of the Civil Code of South Carolina (1902) provide that the Railroad Commissioners of said State shall fix a schedule of reasonable freight and passenger rates for each railroad corporation doing business in this State.

"3. That the defendant is a railroad corporation doing business in said State, and that North is a station of said railroad corporation between Columbia, S. C., and Denmark, S. C., but the said station of North is wholly within the State of South Carolina.

"4. That the Railroad Commissioners of said State more than a year prior to the commencement of this action fixed a schedule of freight and passenger rates for the defendant corporation.

"5. That section 2093 of the Civil Code of South Carolina (1902) provides that any railroad corporation failing to post at any of its stations a copy of the schedules aforesaid shall incur and suffer a penalty of one hundred dollars for each and every day during which time such corporation shall fail to post such schedule, and that such penalty may be sued for by any citizen of the said State, and the recovery shall be equally divided between the citizens so suing and the State of South Carolina.

"6. That the defendant failed to post such schedules at the station of North, S. C., from January 1st, 1903, to December 9th, 1903, a period of 329 days, and that thereby the defendant has incurred and is liable for a penalty aggregating $32,900.

"7. That the plaintiff is a citizen of said State, and sues for the said penalty of $32,900, according to the provisions of sec. 2093 of the Civil Code aforesaid.

"Wherefore, the plaintiff demands judgment for $32,900 and his costs."

The fifth, sixth and seventh grounds of demurrer were as follows, and of these the Circuit Court sustained the fifth and seventh, with leave to amend, and failed to mention the sixth.

"5. Because said complaint does not allege that the Railroad Commissioners of the State of South Carolina had prepared and published such schedule for doing business in this State, a schedule of just and reasonable rates and charges for the transportation of passengers, and freight, and cars on said railroad.

"6. Because said complaint does not allege that said schedule has been published according to law or that thirty days notice thereof had been served upon the defendant company.

"7. Because said complaint does not allege that the Railroad Commissioners of the State of South Carolina had prepared and published such schedules for all the railroad companies organized under the laws of the State of South Carolina, at the time of the publication of such schedule."

We think the Circuit Court was correct in sustaining the fifth ground of demurrer. Sec. 2092, Code of 1902, provides, among other things, that "The Commissioners elected as hereinbefore provided shall, as provided in the next section of this chapter, make reasonable and just rates of freight and passenger tariffs, to be observed by all railroad companies doing business in this State on the railroads therein, etc."

Sec. 2093 is as follows: "The said Railroad Commissioners are hereby authorized and required to make for each of the railroad corporations doing business in this State, as soon as practicable, a schedule of just and reasonable rates of charges for transportation of passengers and freight and cars on each of said railroads, and said schedule shall, in suits brought against any such railroad corporation wherein is involved the charges of any such railroad corporation for the transportation of any passenger or freight or cars, or unjust discrimination in relation thereto, be deemed and taken in all the Courts of this State as sufficient evidence that the rates therein fixed are just and reasonable rates of charges for the transportation of passengers and freight and cars upon the railroads, and said commissioners shall from time to time, and as often as circumstances may require, change and revise said schedule. When any schedule shall have been made or revised it shall be the duty of all such railroad companies to post at all their respective stations a copy of said schedule for the protection of the people: *Provided,* That the schedule thus prepared shall not be taken as evidence as herein provided until schedules have been prepared and published for all the railroad companies now organized under the laws of this State, or that may be organized at the time of said publication. All such schedules purporting to be printed and

published as aforesaid shall be received and held in all such suits as *prima facie* the schedule of said commissioners without further proof than the production of the schedule desired to be used as evidence, with a certificate of the Railroad Commission that the same is a true copy of the schedule prepared by them for the railroad company or corporation therein named, and that the same has been duly published as required by law: *Provided,* That thirty days' notice of any change or revision of the schedule of rates shall first be given to the railroad company to be affected thereby before the same shall go into effect. Any railroad company which shall fail to post at any of its stations a copy of the schedule of rates as provided in this section, shall be liable to a penalty of $100 for each and every day in which it shall fail to post such schedule, to be recovered by any citizen who will sue therefor, one-half of such penalty to go to the State, the other half to the citizen suing for the same."

This, being a penal statute, must be strictly construed. *Holman* v. *Frost & Co.,* 26 S. C., 294, 2 S. E., 16. Under this statute it is the duty of the Railroad Commissioners "to make for each of the railroad corporations doing business in this State *a schedule of just and reasonable rates and charges for transportation of passengers and freight and cars* on each of said railroads."

The complaint alleges that the Railroad Commissioners "fixed a schedule of freight and passenger rates for the defendant corporation." Probably to "fix" a schedule is, for the purpose of a demurrer, substantially the same as to "make" a schedule, and, therefore, we lay no stress on the failure, in that particular, to use the language of the statute. But the statute required that a *just and reasonable* schedule shall be made, and the complaint fails to allege that such a schedule was made, nor does it state facts from which the Court might or must infer that the schedule made was just and reasonable. Furthermore, the schedule required by the statute to be made was not only of charges for transportation of passengers and freight, but also of transportation of cars,

and it is not alleged that any such schedule was made by the Railroad Commissioners.   In addition to this, we may add that the making of such a schedule for a railroad company necessarily must include a delivery of such schedule or a copy thereof to the railroad company to be affected thereby or such promulgation of the schedule as will give the railroad company reasonable notice of the same.   These things being done by the Railroad Commissioners, the statute provides that the railroad company shall post at all its stations a copy of such schedule for the protection of the people, and further provides a penalty for failure to do so.   In an action to recover a penalty under a statute, it is essential to allege all the facts necessary to show a case falling within the terms of the statute.   16 Ency. Pl. & Pr., 275, and cases cited.

The Circuit Court having omitted to pass upon the sixth ground of demurrer, it is unnecessary and perhaps improper that we express an opinion upon the same.   The statute does not expressly provide what notice the Railroad Commissioners shall give the railroad company in cases of the original making of the schedule, although it does require thirty days' notice in case of a change or revision of the schedule, and in sec. 2092, thirty days' notice is required before applying a joint rate as therein provided for.   If the provision as to the notice of a *change* or *revision* of the schedule does not expressly apply to the *making* of a schedule, it is essential that some reasonable notice thereof be given, and in the light of the statute it would seem that the Court should hold that thirty days is such reasonable notice.

We do not think the seventh ground of demurrer is well taken.   The penalty attaches to any railroad company whenever it fails, after due notice, to post the schedule made for it by the Railroad Commissioners in accordance with the statute.   The provision that the schedule thus prepared shall not be taken as evidence as herein provided until schedules have been prepared and published as aforesaid for all the railroad companies now organized under

the laws of the State or that may be organized at the time of publication, etc., relates to such schedules as evidence in suits brought against any such railroad corporation wherein is involved the charges of any such railroad corporation for the transportation of any passenger, or freight, or cars, or unjust discrimination in relation thereto.

The first ground of demurrer, which was sustained by the Circuit Court, alleges that sec. 2093, *supra,* is in violation of sec. 31, art. V., of the State Constitution, which prescribes that "All writs and processes shall run and all prosecutions shall be conducted in the name of the State of South Carolina, * * *" in that it authorizes an action to be brought for the prescribed penalties in the name of a citizen of the State.   We think the Circuit Court erred in sustaining this ground of demurrer.   The word "prosecutions" in the provision cited has reference to strictly criminal prosecutions or indictments for crimes.   Such was the construction put upon similar language in the Constitution of 1795.   *Ward* v. *Tyler,* 1 Nott & McCord, 22, and that is the ordinary meaning of the term in such connection. A penal action is a civil action and must be brought as directed in the statute creating the same or in accordance with the manner prescribed in the Code of Civil Procedure. 16 Ency. Pl. & Pr., 232, 242.

The second ground of demurrer, which was sustained by the Circuit Court, alleges that sec. 2093 violates the fourteenth amendment to the Constitution of the United States, in depriving defendant corporation of the equal protection of the law by authorizing an action to be brought for the penalty in the name of a citizen of the State, in violation of sec. 31, art. V., of the State Constitution.   We have held that the statute does not violate sec. 31, art. V., of the State Constitution, and it is unnecessary that we inquire whether the statute denies the equal protection of the laws in any other particular than that alleged in the ground of demurrer.

The judgment of the Circuit Court is affirmed, in so far as it sustains the demurrer, with leave to amend on the fifth ground specified therein.

*The* CHIEF JUSTICE *did not participate in this opinion because of illness.*